IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

JOSE MIGUEL SANDOVAL-PINEDA,
          Petitioner,

v.                        Case No. 5:20-cr-00601-XR
                               **5:24-cv-00817-XR**

UNITED STATES OF AMERICA,
          Respondent.

## MOTION UNDER 28 U.S.C. §2255 TO VACATE, SET ASIDE OR CORRECT A SENTENCE BY A PERSON IN FEDERAL CUSTODY

NOW COMES Jose Miguel Sandoval-Pineda, bringing this motion under 28 U.S.C. 2255 to vacate, set aside, or correct sentence a person in the federal custody of the Bureau of Prisons. I ask that you don't hold me to the stringent standards of papers that are drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

PRODECURAL HISTORY

Mr. Pineda was named in a six-count indictment that charged him in 2021 and resulted in a plea of guilty for one count of conspiring to transport illegal aliens under 8 U.S.C. §1324(a)(1)(A)(ii), §(v)(I). (Count 1), Conspiracy to commit money laundering under 18 U.S.C. §1956(h)(count III) Conspiracy to commit arson under 18 U.S.C. § 844(n) (count IV) use of fire or explosive to commit a federal felony under 18 U.S.C. §844(h) (count six). Petitioner pled guilty and was sentenced to 35 years (420 months).

## INTRODUCTION

This is Petitioner's first motion to vacate pursuant to 28 U.S.C. 2255. It is predicated upon the Fifth and Sixth Amendment of the United States Constitution and ineffective assistance of trial counsel and appellant counsel. Appellant counsel filed an Anders v. California brief on 08-15-2023, and the appellant court gave me an opportunity to respond to appellant counsel's Anders brief. Petitioner filed a response on 10-05-2023.

1. Mr. Pineda was deprived of a fair trial because his counsel did not understand the scope of all the stages of a court proceeding or did the district court act in sua sponte in the 11(c)(3)(A).

2. Mr. Pineda's claims are of trial counsel and appellant counsel because, trial counsel ineffectiveness facilitated a plea agreement that Mr. Pineda wasn't in agreement with if it exceeded the 10 years recommended in the first P.S.R. and appellant counsel failed to recognized most of the issues and just filed an Anders brief.

3. Trial counsel Mr. Gonzales was telling Mr. Pineda that if he went to trial, he would receive a life sentence. See exhibit A. Pineda asked counsel to bring him the evidence that will give him a life sentence. Mr. Gonzales never showed Mr. Pineda any such evidence of alleged crime.

4. Mr. Pineda was telling trial counsel about the case before this case 5:20-cr-00058-FB that the charges were not in this instant indictment  and to object.

5. Mr. Pineda asked trial counsel to get a hold of coun*sel in case* 5:20-cr-000580-FB. Mr. Alfonso Cavanas to get a better understanding

2

of this case. His answer was that I can't get a hold of him.

6. Mr. Pineda told trial counsel that he wanted to go to trial if the P.S.R. came back more than the agreed 10 years upon, but it came back 92 to 115 months.

7. Mr. Pineda, trial counsel, was not wll áware of the sentencing exposure. Trial counsel knew the criminal statutes.

8. When the magistrate Judge failed to inform Mr. Pineda that the district Judge had options to accept the plea agreement reject it or defer after the P.S.R., appellant counsel could have raised the issue on district appeal.

9. Appellant counsel could have raised one criminal episode because of the dates that was a critical stage because in this case there never was a charge of a gun, but the district enhances Mr.Pineda sentence like he used a firearm during the commission of the charge crime in the instance offense.

GROUND ONE

> Mr. Pineda was deprived of a fair trial because his counsel did not understand the scope of the case. Trial counsel's ineffectiveness facilitated a plea agreement that wasn't an agreement if it exceeded the 92 to 115 months that was in first P.S.R. or did the district court act in sua sponte in 11(c)(3)(A)

SUPPORTING FACTS

The trial counsel's ineffectiveness came through trial counsel's erroneous advice concerning Petitioner's potential sentence exposure because Petitioner received a 35-year sentence. See Sen. Tr. And was past the 10 years in the first P.S.R. and now Mr. Pineda is serving a sentence in federal prison because trial counsel didn't know the reach of some of the statutes of conviction. Mr. Piⁿeda

3

got a double sentence that wasn't agreed upon and the district
court enhanced Mr. Pineda's sentence twice from 92 to 115.

ARGUMENT

Mr. Pineda was deprived of his 6th amendment when trial counsel
wasn't acting in the best interest in advocacy for Mr. Pineda. Mr.
Pineda had asked trial counsel, "are you very positive that I can't
get more than 10 years for this case? Counsel said not to worry,
because he will object to anything other than what's in the plea
agreement. When the sentence was imposed this ensued an argument
between counsel. Then when the sentence was handed down before
deciding whether to plead guilty a defendant is entitled to the
effective assistance of coppmetent counsel. See Padilla v. Kentucky,
559 U.S. 356, 364-65, 130 S.Ct. 1473 176 L.Ed. 2d 284 (2010), quoting
McMann v. Richardson, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.ed 2d
763 (1970) and citing Strickland, 466 U.S. at 686. (Stickland's
two-part analysis applies to claims of ineffective assistance of
counsel in this context. E.g., Hill v. Lockhart, 474 U.S. 52, 106
S.Ct. 366 88, L.ed. 2d 203 (1985) during this stage of proceedings,
the Supreme Court has reiterated that counsel has the critical
obligation to advise the client of the advantanges and disadvantages
of a plea agreement. Padilla, 559 U.S. at 370, citing Libretti v.
United States, 516 U.S. 29, 50-51, 116 S.Ct. 356, 113 L.Ed. 2d 271
(1995), it is the lawyer's duty to assert in if the plea is entered
voluntarily and knowingly and the lawyer must actually and substant-
ially assist his client in deciding whether to plead guilty. See
United States v. Cavit, 550 F.3d 430, 440 (5th Cir. 2008) quoting
and citing Herring v. Estelle, 491 F.2d 125, 128 (5th Cir. 1974),

4

it is his job to provide the accused with an understanding of the law. In relation to the facts see United States v. Sheperd, 880 F.3d. 734, 746 (5th Cir. 2018), but for counsel's failure to examine applicable case law, reasonable probability that defendant would have had viable defense, had defendant this instance would have went to trial. Please see Strickland v. Washington, 466 U.S. 688, 104 S.Ct. 2052, 80 L.ed. 2d 674 (1984) "IAC" claims meeting the Strickland are not procedurally defaulted and even if they could been brought for the first time under 2255.

Here, in this instance, counsel falls below the standard that is afforded by the Sixth Amendment. Trial counsel knew the circumstances surrounding a criminal defendant's representation practically. (1) The time afforded for investigation and preparation. (2) The experience of counsel. (3) The gravity of the charge. (4) The complex of possible defense and (5) the accessibility of witness. Counsel does not demonstrate that counsel failed to function in any meaningful sense as the government's claim of "IAC" only by pointing to specific errors made by counsel. The Sixth Amendment requires not merely the provision of counsel to the accused in a criminal prosecution, but assistance which is to be for his defense and thus the core purpose and the counsel guarantee is to assure assistance at trial. When the accused is confronted with both the intricacies of the law and the advocacy of the prosecutor, if no actual assistance for the accused defense is provided, then the constitutional guarantee has been violated.

The adversarial process protected by the Sixth Amendment also requires that the accused have counsel acting in the role of an

advocate and the right to effective assistance of counsel is thus the right of the accused to require prosecution's case to survive the crucible of meaningful adversarial testing. When a true adversarial criminal trial has been been conducted, even if the defense counsel may have made demonstrable errors, the kind of testing envirsioned by the Sixth Amendment has occurred. Now, if the process loses its character as confrontation between adversaries, the constitutional guaranty is violated. Criminal law §46.34 ethical and practical limitation.

The Sixth Amendment does not require that counsel do what is impossible or unethical, but if there is no bona fide defense to the charge, counsel cannot create one and disserve the interest of his client by attempting a useless charade. At the same time even when no theory of defense is available, if the decision to stand trial has been made, counsel must hold a prosecution to its heavy burden of proof beyond a reasonable doubt, and even where is a bona fide defense, counsel may still advise his client to plead guilty. If that advice falls within the range of reasonable competence under the circumstances.

The right to effective assistance of counsel is recognized not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial and absent some effect of challenged conduct on the reliability of the trial process. The Sixth Amendment guaranty is generally not implicated. Criminal law §46.4 assistance of counsel implications for fair trial. A defense attorney is presumed to be competent to provide the guiding hand that a criminal defendant needs. The burden rests on the accused to

6

demonstrate a constitutional violation arising from "IAC". There
are, however, circumstances that are likely to prejudge the accused
that the cost of litigating their effect in a particular case is
unjustified.

At time there may be circumstances of such magnitude that,
although, counsel is available to assist the accused during trial,
the likelihood that any lawyer, even a fully competent one; could
provide effective assistance is very minimal; that a presumption of
prejudice is appropriate without inquiry into the actual conduct of
the trial. Only when surrounding circumstances justify a presumption
of ineffective assistance of counsel can a Sixth Amendment claim
be sufficient without inquiry into counsel's actual performance
at trial.

After the district court asked if Mr. Pineda wanted to appeal
trial, counsel said no. See Rodriguez v. United States, 395 U.S.
327, 89 S.Ct. 1715, 23 L.Ed. 2d 340 (1969) granting section 2255
relief on movant's claim that the trial counsel was constitutionally
ineffective for failing to file a notice of appeal after movant
requested that he do so. Here, this instance trial counsel for
Mr. Pineda said don't worry worry, we still have 14 days to think
this over just like every district court for a Petitioner, Two
weeks to take back a plea. Mr. Pineda believed in his trial lawyer
that he would appeal the sentence. Please see also Thompson v. United
States, 504 F.3d 1203 (11th Cir. 2007), concluding counsel was
ineffective in failing to consult adequately with Movant as to
whether Movant wished to appeal, granting section 2255. After the
14 days had passed, Mr. Pineda wrote trial counsel. See Exhibit A

7

letter to counsel asking what happens next, he never heard back from trial counsel at all. So therefore Mr. Pineda is humbly asking this Court for an evidentiary hearing to bring to light trial counsel duties. Please see Gomez-Diaz v. United States, 433 F.3d 788 (11th Cir. 2005) remanding section 2255 motion for an evidentiary hearing on the question of whether trial counsel was ineffective in failing to file notice of appeal after movant requested that he do so. Notwithstanding the fact that movant signed appeal waiver, because Mr. Pineda doesn't speak English trial counsel should have paid more attention to the case at hand. So therefore this court should remand back to court this instance. Mr. Pineda will waive confidential privilege only in an evidentiary setting if this court wishes to be heard on the issue of trial counsel's insufficient performance.

GROUND TWO

Ineffective assistance by appellants appeal counsel, Mr. George W. Aristoteliclis

SUPPORTING FACTS

1. Appellant counsel filed an Anders brief notice to the Fifth Circuit Court of Appeals on September. See Ex: C.

2. Petitioner wrote appellant counsel on the issue of case cr-00058-FB(1). See Exhibit: B. His letter fell on deaf ears because appellant counsel still filed an Anders brief.

3. Appellant counsel alleged that substantial rights were not substantially affected or prejudiced as a result of the magistrate failing to inform defendant of other possible outcomes.

4. The appellant also objected to the cross reference, requesting proper relevant conduct and thoughg conceding that the standard

of proof applicable to this determination is a preponderance of the evidence requested. For preservation of error purpose and any allegations that increased the appellant's sentence should be proved beyond reasonable doubt or other standard lighter than preponderance of the evidence. See Anders brief page 5.

5.  Petitioner never waived in his plea agreement of ineffective assistance of counsel and pro sectorial misconduct. See plea agreement paragraph 8.

ARGUMENT

Here, in this instance, appeal counsel falls below the standard that is afforded by the Sixth Amendment. Trial counsel knew the cirucmstances surrounding a criminal defendant's representation practically. (1) The time afforded for investigation and preparation. (2) The experience of counsel. (3) The gravity of the charge. (4) The complexity of possible defense and (5) the accessibility of witness., counsel does not demonstrate that counsel failed to function in any meaningful sense as the government's advisory of that there was a breakdown of the adversarial process during the trial. The defendant can make out the Sixth Amendment claim of "IAC" only by pointing to specific errors amde by counsel. The Sixth Amendment requires not merely the provision of counsel to the accused in a criminal prosecution, but assistance which is to be his defense and thus the core purpose of the counsel guaranty is to assure assistance at trial. When the accused is confronted with both the intricacies of the law and the advocacy of the prosecutor, if for the accused defense is provided, then the constitutional guarantee has been violated.

The adversarial process protected by the Sixth Amendment also requires that the accused have counsel acting : in the role of an advocate and the right to effective assistance of counsel is thus the right of the accused to require prosecutions case to survive the crucible of meaningful adversarial testing. When a true adversarial criminal trial has been conducted, even if the the defense counsel may have made demonstrable errors, the kind of testing envisioned by the sixth amendment has occurred. Now, if the process loses its character as conforntation between adversaries, the constitutional guaranty is violated. Criminal law §46.4 ethical and practical limitation.

The Sixth Amendment does not require that counsel do what is impossible or unethical, but if there is no bona fide defense to the charge, counsel cannot create one and disserve the interest of his client by attempting a useless charade. At the defense to the charge, counsel cannot create one and disserve the interest of his client by attempting a useless charade. At the same time, even when no theory of defense is available. If the decision to stand trial has been made, counsel must hold a prosecution to its heavy burden of proof beyond a reasonable doubt and even where there is a bona fide defense, counsel may still advise his client to plead guilty. If that advice falls within the range of reasonable competence under the circumstances.

The right to effective assistance of counsel is recognized not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial and absent some effect of challenged conduct on the reliability of the trial process. The

Sixth Amendment guarantee is generally not implicated. Criminal
law 46.6 assistance of counsel implications for fair trial. A defense
attorney is presumed to be competent to provide the guiding hand that
a criminal defendant needs. The burden rests on the accused to
demonstrate a constitution violation arising from "IAC". There are,
however, circumstances that are likely to prejudge the accused, that
the cost of litigating their effect in a particular case is unjusti-
fied.

At times there may be circumstances of such maginitute that,
although counsel is available to assist the accused during trial,
the likelihood that any lawyer, even a fully competent one, could
provide effective assistance is very minimal; that a presumption of
ineffective assistance of counsel can a Sixth Amendment claim be
sufficient without inquiry into counsel's actual performance at
trial.

Petitioner claims are based on ineffective representation appeal
counsel for filing an Anders v. California 386 U.S. 738 (1967)
brief when the record was clear that an appeal was worthy. When the
record was self explanatory. Petitioner's appeal counsel correctly
pointed out that substantial rights were erred. Please see Anders
brief page 9, where the magistrate erred by failing to fully inform
of the district court's options as required by Rule 11(c)(3)(A).
But turn around and totally ignore this issue for appeal, and also
didn't take into account when the defense filed objections to the
PSR ROA 250 in a sentencing memorandum defiance counsel pointed out
that the Petitioner's original PSR report was revised and the total

offense level was increased from a level 29 and a guideline range
of 92 to 115 months, to offense level of 41 which carried a guide-=
line range of 324-405 months, as a result of application of a cross
reference requesting proper relevant conduct, and though conceding
that the standard of proof applicable to this determination is a
preponderance of the evidence requested for preservation of error
purpose any allegations that increased the appellant's sentence
should be proved a reasonable doubt or other standards higher than
preponderance of the evidence, and Petitioner. See Cirilo-Munoz v.
United States, ineffective in failing to challenge official victim
sentencing enhancement. Further objected that the cross reference
to U.S.S.G. 2a2.1 positing that assault aggravated should be the
provision utilized adding that the latter provision covers use of
dangerous weapon and increases if there is serious injury. See "ROA"
petitioner also argued that considering U.S.S.G. 1B1.3 relevant
conducts because of case 520-cr-00058-001 involving the possession
of a machine gun, but appeal counsel ignore all that and file
an Anders brief and was acting like a United States District Attorney
throughout the Anders brief. This court should remand back for a
hearing, to see what outside claims are worthy and are not procerally
defaulted and even if they could have been brought for the first
time under 2255. See Strickland v. Washington, 466.5 Ct (1994).

GROUND THREE

The district court abused its discretion because case
5:20-cr-00058-001 was relevant to the instance to case
5:20-00601-XR illegal sentence in violation of the Fifth
Amendment.

SUPPORTING FACTS

The District Court had the discretion to run case cr-00058

concurrently under 18 U.S.C. U.S. code section 3584 to his instant

case. Petitioner argued that considering U.S.C.G. 1B1.3 (relevan)

conduct such provision that conduct associated with a sentence imposed

prior to the act's constitution the instant offense (the offense

of conviction) is not considered as part of the same course or conduct

as the offense of conviction.

ARGUMENT

The Fifth Amendment to the United States Constitution provides

in pertinent part:

No person shall be subject for the same offense to be twice
put in jeopardy of life or limb, nor be deprived of life,
liberty, or property without due process of law. Amend. V.
U.S. Const.

This Court has recently held that conduct part of the instant

offense means conduct that is relevant conduct to the instant offense

pursuant to 1B1.3 U.S.S.G. 4A1.2, cm. n.1. Relevant conduct is

defined to include conduct that occurred during the commission of

the offense of conviction, in preparation of that offense, or in

the course of attempting to avoid detection or responsibility for

that offense. Id. The instant indictment. See Shepard v. United

States, 544 U.S. 13 (2005).

Further, this court has held that the term prior sentence means

any sentence previously imposed upon adjudication of guilt for conduct

not part of the instant offense. United States v. Cruz-Gramajo, 570 F.3d 1162 (9th Cir. 2008). Conduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of U.S.S.G. 1B1.3 Id.

As a general proposition, when a defendant has violated two different criminal statutes, the double jeopardy clause is implicated when both statutes prohibit the same actor transaction or when one act is lesser included offense of the other. See Rutledge v. United States, 517 U.S. 292, 297, 116 S.Ct. 1241, 1245, 134 L.Ed. 2d 419 (1996). Congress of course has the power to authorize multiple punishments arising out of a single act or transaction. See Williams v. Singletary, 78 F3.d 1510, 1512 (11th Cir. 1996). The Constitutional guarantee against double jeopardy merely assumed that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense. Brown v. Ohio, 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed. 187 (1977) accord. Missouri v. Hunter 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed. 2d 535 (1983). The double jeopardy clause does no more than prevent the sentencing court from prescribing, greater punishment than the legislature intended if it is clear through that the legislature intentended multiple punishments for the same conduct, a presumption arises that a conviction under multiple statutes for the same offense is contrary to lesislative intent. See Hunter, 459 U.S. at 366-67, 103 S.Ct. 678-79. Whalen v. United States, 445 U.S. 684-691-100 S.Ct. 1432, 1437-1438, 633 L.Ed. 715. (1980) to sum up where two statutory proscribe the same offense and there is no clear indication that the legislature intended multiple punishments for the offense.

The double jeopardy clauses prohibition against multiple punishments protects a defendrant from conviction under both provisions. Because Mr. Pineda was charged (2) two different federal charges it was on or about the charges are in the same time frame, so surely one criminal episode. Mr. Pineda plead guilty to 5 federal statutes all together but the charges arising from one criminal episode. When both acts are part of the same criminal episode, or when the other act was a necessary preliminary step towards the completion of the charge crime. See United States v. Watkins, 591 F.3d 780-784-85, 5th Cir. 2009) admitting intrinsic evidence of drug runs from a few months earlier in a drug conspiracy case. This goes to show for counsel's failure to identify prosecutions use of incorrect legal standard reasonable probability that the district court would not have applied sentencing enhancement under 1B1.3. The District Court court considered that the defendant's criminal history was "slightly OVERSTATED" "ROA 207". The District Court rejected the argument by both the government and the defendant for a sentence to run concurrent with the ten-year sentence imposed in a previous case. In case No. 5:20-cr-00058-001 involving the possession of a machine gun "ROA-238-39". The District Court had the discretion to do so. See 18 U.S.C. 3584, if a term of imprisonment is imposed on a derfendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively.

Furthermore, because the District Court comprised of consecutive ten-year terms of imprisonment for the previous machine gun charge and for the count 6 conviction involving the "use of fire or explosives to commit a Federal felony which requires a statutorily required sentence of no less than ten years to run consecutively to

15

any other counts of conviction under 18 U.S.C. section 844(h) had the discretion to do so. This goes to show that the machine gun conviction was part of the instant offense, and supports this argument as relevant conduct; or is a double jeopardy case? See United States v. Mitchell, 484 F.3d 762, 773 (5th Cir. 2007). Firearm possession during completed drug offense because first does not require additional element beyond second.

GROUND FOUR

> Whether the District Court violated the double jeopardy of the Fifth Amendment requires that Mr. Pineda's previous machine gun charge indictment, case 5:20-cr-00058-FB use on him in this indictment count 6 conviction involving the "use of fire or explosive to commit a federal felony

SUPPORTING FACTS

The District Court imposed a sentence comprised of consecutive ten-year terms of imprisonment for the previous machine gun charge, and for the count 6 conviction involving the "use of fire or explosives to commit a federal felony" which requires a statutorily required of no less then tren years to run consecutively to any other counts of conviction under 18 U.S.C. 844(h).

ARGUMENT

The Double Jeopardy Clause provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb" U.S. Const. Amend. V. By its terms, the clause protects an

individual from "being subjected to the hazards of trial and possible conviction more than once for an alleged offense." Green v. United States, 355 U.S. 184, 187 (1957). However, the Double Jeopardy Clause has long been construed by the Supreme Court to also bar multiple punishments for the same offense in a single trial absent legislative intent to the contrary. Missouri v. Hunter, 459 U.S. 359, 266 (1983). The test used to determine whether the same act or conduct constitutes one offense or two is the Blockberger test: "Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not" Blockburger v. United States, 284 U.S. 299, 304 (1932).

If under the Blockburger test the two charged offenses constitute only one offense [in fact], usually beause one is a lesser included offense of the other, conviction and sentence for only one is generally permitted. See Rutledge v. United States, 517 U.S. 292, 297 (1996). The result follows from the presumption that a legislature does not intend to impose two separate punishments for the same offense. Id. See also United States v. Pao Xiong, 595 F.3d 697, 698 (7th Cir. 2010)("When the two offenses are effectively different, we presume Congress intended separate punishments for multiple offenses. When they are effectively the same, we presume Congress intended only one punishment."). Please also see United States v. Ogha 526 F.3d 214, 236-37 (5th Cir. 2008). Double jeopardy bars separate convictions for health care fraud and illegal remunerations

17

because the jury verdict didn't indicate whether health care fraud was based on different theory than illegal remunerations a lesser included offense.

The district court couldn't have used the machine gun charge along with this conviction because that charge was a predicate charge under 18 U.S.C. 844(h) and couldn't be used. Please see ROA 238-39 because case 5:20-cr-00058-001-FB and this case 5:20cr-00601-001 has a date of on or about January 16, 2020, for both cases. It's one criminal case, please see United States v. Gordon, 875 F.3d 26, 38 (1st Cir. 2017) case remedied by vacating sentence and remanding with instructions to merge 5 counts into 1 count and resentence.

Also, in United States v. Davenport, 519 F.3d 940 (9th Cir. 2008) the court held that "When a defendant has violated two different statutes, the double jeopardy prohibition is implicated when both sta+utes prohibit the same offense or when one offense is a lesser included offense of the other." Id. at 943, citing Rutledge v. United States, 517 U.S. 292 (1996).

In the instant case, the machine gun charge as charged in count 6 requires proof of a number of elements that the conspiracy charged in count three does not. The Blackburger test requires the court to consider whether the [converse] is also true, that is whether the conspiracy offense charged in count three requires proof of any element that is not a part of the previous charged offenses. See Rutledge, 517 U.S. at 298.

In examining the charged offenses, and their individual elements, it is clear first that the conspiracy offense, as charged

18

in count three conspiracy, is the exact same offense as charged in counts one and two. See case 5:20-cr-00058-FB and Petitioner argued that conduct associated with a sentence imposed prior to the act's constitution the instant offense. This is clearly a Double Jeopardy Clause violation of the Fifth Amendment in this instance.

GROUND FIVE

Did the District Court make a sentencing error when it used murder cross reference to enhance Petitioner's sentence? Fifth and Sixth Amendment violations

SUPPORTING FACTS

Petitioner objecteed to the murder cross reference, and that any allegations that increased Petitioner's sentence should be proved beyond a reasonable doubt or other standard higher than the preponderance of the evidence, and also objected that the cross reference to U.S.S.G. 2A2.1 positing and that "Assault with intent to commit murder, attempted murder base level 33" was improper, and that "if any increased" is imposed, U.S.S.G. 2A2.2 (aggravated assault) should be the provision covers use of a dangerous weapon and increases if there is serious injury. "See ROA 251."

ARGUMENT

Petitioner's primary constitutional challenge to his sentence is that it violates the Due Process clause of the Fifth Amendment

and his jury trial right under the Sixth Amendment. Petitioner argues that the district court engaged in improper factfinding that increased his sentence when the court , rather than the jury, found that murder cross reference to enhance his sentence. Sentencing is improper. Petitioner claims that the facts of murder found by the district court is a fact "that the law makes essential to his punishment." United States v. Booker, 543 U.S. 220, 232, 125 S.Ct. 738, 160 L.Ed. 2d 621 (2005). This is because the 35 years sentence would have been substantively unreasonable under the post-Booker sentencing regime absent a judicial factfinding of murder. Petitioner when cites to concurrences from  Supreme Court opinions and dissents from denials of certiorari suggesting that judicial factfinding violates a defendants constitutional right to a jury trial where the factfinding renders reasonable an otherwise substantively unreasonable sentence. See, e.g. Junes v. United States, 135 S.Ct. 8, 190 L.Ed. 2d 279 (2014) (Scalia, J., dissenting from denial of certiorari); Rita v. United States, 551 U.S. 338, 374, 127 S.Ct. 2456, 168 L.Ed. 2d 203 (2007) (Scalia, J. concurring)("There will inevitably be some constitutional violations under a system of  substantive  reasonableness review, because there wil be some sentences that will be upheld as reasonable only  because of the existence of judge-found facts"). Petitioner argues further that the district court's judicial factfinding effecitvely increased his mandatory minimum sentence in violation of Alleyne v. United States, 133 S.Ct. 2151, 186 L.Ed. 2d 314 (2013), bercause the federal sentencing statute, 18 U.S.C. 3553(a) requires a judge to impose a "sufficient" sentence and his 35-year sentence would not have been sufficient absent the judicial factfinding of

murder. See i.d. at 2163 "Facts that increase mandatory minimum sentences must be submitted to the jury.")

A district court's sentencing decision, analysis proceeds in two steps. The district court committed signifant procedural error, such as failing to calculate the U.S. Sentencing Guideline range, treating the Guidelines as mandatory, failing to adequately explain the chosen sentence. If the sentence is procedurally sound or if the procedural error is harmless, the court considers the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard. In this two-step review the court interpretation of application of the Guidelines factual findings. A District Courts factual findings, the court will deem the necessary courts factual findings clearly erroneously only if, based on the entire evidence, by judge not jury, a conviction that a mistake has been committed. And when faced with a preserved constitutional challenge to the Guidelines application the appellate courts review is de novo.

## CONCLUSION

For the reasons stated above, Mr. Prieto, humbly, asked this Court to Remand for Resentencing or Run the Sentence Concurrent in case(s): 5:20-cr-00601-XR, and 5:20-cr-00058_FB. Thank you and may God bless both you and your staff.

Date: 7-11-2024

Respectfully,

J.M SP

# EXHIBIT A

EXHIBIT A

MR. Gonzales                    Date. 3-10-2020

I writing because I talk to my Family and I told them what the P.S.R. Came back 10 10 years And you Said that was a good Deal I KNOW ITs 5 months SHy of 10 years, you Also said that if I go to trial IT was Life but I never kill no one I took Full responsiability. For My crime and this Leave's me to my 2nd question. what about my orthere case are you Sure that it will run concurrently? I understand, what you said the crimes happin on the Same day. So that's why I am really Pleading guilTy. because I never kill no one and both of My Crimes are Right they happin the Same date. So I Look Forward to talking To you through Zoom next week untill then PLEASE. Look at this case below For me to see if it applies to me. Please.
U.S. V. WATKINS, 591. F.3d. 780-784.         Respectful
        (5rth cir 2009).
        J.M S.P

# EXHIBIT B

# EXHIBIT B

MR. Aristotelidis                    Date. 8-6-23.

    I am writing you because I had ask Trial counsel that I wanted TO Appeal my First Case. S:20-CR-00058-FB(1), But That 1 year TO even File is pass The 1 year So how Do we go around that? I think you should bring that up on my Appeal, that we need TO Fill in that Gap, or Else I have no orthere chance to Appeal that keep in mind I Lost that year, and My 2nd Lawyer should have none this Right? To be well InForm on what's happining in my Case AT every Stage Right? Well I LOOK Forward in you Sharing your thoughts with me but I need you to bring that up! and that how can they Also charge me with Using gas and Fire at the Same time? Anit this very rid-iclious? I think you should LOOK into that well stay well And GOD BLESS You and your STAFF.

Respectfully,
J.M S.P

# EXHIBIT C

EXHIBIT C

# Jorge G. Aristotelidis
**Attorney at Law**

800 Dolorosa St.
Suite 101
San Antonio, Texas 78207
210-277-1906
jgaristo67@gmail.com

DOES NOT APPLY
BOP CRITERIA OF
SPECIAL MAIL HANDLING

Board Certified in Criminal Law &
Criminal Appellate Law by the
Texas Board of Legal Specialization
Website: sacrimlaw.com
Linkedin Professional Profile

September 6, 2023

Mr. Jose Miguel Sandoval Pineda                    106
Register Number: 09741-57M
USP VICTORVILLE
U.S. PENITENTIARY
P.O. BOX 3900
ADELANTO, CA 92301

Re:    *Anders* brief notice in *United States v. Jose Miguel Sandoval Pineda*,
       Cause No. 23-50175.

I want to begin by apologizing for sending you a copy of my *Anders* brief

to the wrong location. The mail was returned to my office today.

In accordance with *Anders v. California*, 386 U.S. 738 (1967), I am

providing you notice that despite my best efforts, I was unable to find any non-

frivolous issues on appeal. You will receive notice from the Fifth Circuit, and

the opportunity to submit your own brief, if you so decide. I have provided a

copy of the brief for your review.

Please reach out if you have any questions about this or any matter.

Sincerely,

Jorge G. Aristotelidis

CERTIFICATE OF SERVICE

I, Jose MIguel Sandoval-Pineda, mail a 2255 motion on ___7- M'___

_____2024___ and mailed it to the address below:

United States Clerk's Office
262 West Nueva St., Room 1-400
San Antonio, Texas 78207

From Jose Miguel Sandoval Pineda
USP Victorville
PO Box 3900
Adelanto, CA 92301

Pro se
Jose Miguel Sandoval-Pineda
Reg. No. 09741-579
USP Victorville
PO Box 3900
Adelanto, CA 92301

Date: ___7-11-2024___          J.M S.P



JOSE MIGUEL SANdoval-Pineda *Reg-09741-579.
United States Penitentiary Victorville
P.O. Box. 3900
Adelanto. CA. 92301

RECEIVED

JUL 17 2024

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

TO: COURT CLERK
DISTRICT COURT.
262 WEST NUEVA St. Floor
San Antonio. TX.
78207.

(CR-1)

U.S. MARSHALS
RECEIVED
JUL 17 2024
SAN ANTONIO, TX
ENFORCEMENT SECTION

U.S. MARSHALS
RECEIVED
JUL 17 2024